IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                   Crim. No. 18-2326 KG

ROBERT PENA,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon *pro se* Defendant's "Motion for Complete and Accurate Accounting of All Payments and/or Credits Toward Judgement Under Fed. R. Crim. P. 41(g) Under U.S. V. [sic] Gunning, 401 F.3d 1145 (9th Cir. 2005)" (Motion), filed June 14, 2019. (Doc. 33). The United States filed a response on June 25, 2019. (Doc. 34). Having considered the Motion, the response, and the Judgment in a Criminal Case (Judgment) (Doc. 32), the Court denies the Motion.

On February 5, 2019, the Court imposed a criminal judgment against Defendant for drug and firearm crimes. (Doc. 32). The Court imposed a term of imprisonment, assessed a Special Penalty Assessment of $200, and imposed restitution in the amount of $500. *Id.* at 8. Payment of the Special Penalty Assessment was due immediately. *Id.* The Court further ordered that the restitution "be paid in monthly installments of $100 or 10% of [Defendant's] net income." *Id.* Because the Court imposed a term of imprisonment, the Court ordered that "payment of criminal monetary penalties is due during the period of imprisonment," unless the Court "expressly ordered otherwise…." *Id.* The Court has not expressly ordered that payment of criminal monetary penalties, like the restitution, is not due during the term of imprisonment.

Defendant moves under Rule 41(g) "for a full and complete accounting of all payments/credits made as the ordered criminal monetary penalties in question as law requires." (Doc. 33) at 1. Defendant further requests that the Court "hold 'freeze' and or vacate restitution payments while he is in prison." *Id.* at 1-2. Defendant notes that he "does not challenge the constitutionality of MURA or BOP's [Bureau of Prisons] authority, generally, to use the JRFP to collect fines or restitution assessed against him by the court while he is incarcerated as long as the monthly schedule of payments is set by the court, not BOP[.]" *Id.* at 1 (citing *United States v. Gunning*, 401 F.3d 1145, 1150 (9th Cir. 2005) (holding that "the district court simply does not have the authority to delegate its own [restitution] scheduling duties-not to the probation office, not to the BOP, not to anyone else")). *See also United States v. Overholt*, 307 F.3d 1231, 1256 (10th Cir. 2002) (seeing "no room for delegation by the district court with respect to payment schedules for restitution").

Defendant's Motion lacks merit for several reasons. First, Rule 41(g) provides that "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." Here, Defendant seeks an accounting and asks the Court to hold, "freeze," or vacate restitution payments while he is incarcerated. Defendant does not seek a return of property. Consequently, Rule 41(g) does not support the Motion.

Second, the Court has not delegated its restitution scheduling duties to the BOP or anyone else. The Court sets forth in the Judgment a monthly restitution payment schedule of $100 or 10% of net income. The Court, therefore, has not contravened *Gunning* or *Overholt*.

Finally, Defendant has failed to provide the Court with applicable legal authority or any good cause to grant the Motion. *See* D.N.M. LR-Cr. 47.7 (requiring that "[a] motion … must

cite authority in support of legal positions advanced"). For the foregoing reasons, the Court will deny the Motion.

IT IS ORDERED that Defendant's "Motion for Complete and Accurate Accounting of All Payments and/or Credits Toward Judgement Under Fed. R. Crim. P. 41(g) Under U.S. V. Gunning, 401 F.3d 1145 (9th Cir. 2005)" (Doc. 33) is denied.

_____
UNITED STATES DISTRICT JUDGE